BORDEN v. UNITED STATES.

(Circuit Court, S. D. New York. June 1, 1904.)

No. 3,051.

1. CUSTOMS DUTIES—CLASSIFICATION—ANIMALS FOR BREEDING PURPOSES—AU-
THORITY OF SECRETARY OF THE TREASURY—CUSTOMS REGULATIONS.
    Paragraph 473, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679], permits the importation free of duty of pure-bred animals imported specially for breeding purposes, with a provision that "the Secretary of the Treasury may prescribe such additional regulations as may be required for the strict enforcement of this provision." Held, that the requirement in the regulations of the Secretary of the Treasury that proof should be produced of the registry of the grand-sires and granddams of animals imported for breeding purposes is not in contravention of the statute.

On Application for Review of a Decision of the Board of General Appraisers.

The decision under review (G. A. 4,615, T. D. 21,859) overruled the protest of Spencer Borden against the assessment of duty by the collector of customs at the port of New York. The facts of the case and the nature of the question at issue appear from the decision of the Board of General Appraisers (by Fischer, General Appraiser), which reads as follows:

The protestant imported three horses, named "Heiress," "Rakah," and "Sha-baka," which were assessed for duty under the provisions of paragraph 220, Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 169 (U. S. Comp. St. 1901, p. 1648), at the rate of $30 for Heiress and 25 per cent. ad valorem for each of the other animals. The importers claim that the animals are entitled to free entry under the provisions of paragraph 473 of said act, § 2, Free List, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679). Upon the hearing the importer withdrew the protest so far as it covered the mare Heiress. It appears from the papers here-in that these horses were imported on the steamship Georgic, November 23, 1898, and that the entry was liquidated June 8, 1899, and reliquidated June 19, 1899. No proof of record, pedigree, and identification was filed with the customs officer, either on entry or within the time fixed by the treasury regula-tion. The failure to comply with this regulation is met by the importer with the claim that it is without authority of law, and is not legally enforceable. The importer contends that the Secretary of the Treasury, although authorized and directed by paragraph 473 to make "such additional regulations as may be required for the strict enforcement" of the provision, was not authorized thereby to issue the regulation in question (T. D. 21,298), requiring an importer to produce proof showing the grandsire and granddam of the imported animal as a condition for its free entry. The pertinent portion of paragraph 473 is as follows: "Any animal imported specially for breeding purposes shall be admitted free: provided, that no such animal shall be admitted free unless pure bred of a recognized breed, and duly registered in the book of record es-tablished for that breed: and provided further, that certificate of such rec-ord and of the pedigree of such animal shall be produced and submitted to the customs officer, duly authenticated. * * * The Secretary of the Treas-

ury may prescribe such additional regulations as may be required for the strict enforcement of this provision." The regulation in question is in part as follows: "It is hereby directed that no animal imported for breeding purposes shall be admitted free of duty unless the importer furnishes a certificate of the record and pedigree in the form hereafter given in the appended list of registers, showing that the animal is pure bred, and has been admitted to full registry in a book of record established on that breed and that its sire and dam and grandsires and granddams were all recorded in a book of record established for the same breed." We are unable to see how this regulation of the Secretary of the Treasury can be considered as an alteration or amendment of the statute. Its effect is to provide the safeguards and means of enforcing the statute contemplated and directed by the statute itself. The provision of the statute required that all animals sought to be entered free must be pure bred of a recognized breed, and that the record of its pedigree should be produced, together with proof of its identity. If an animal cannot have its birth traced beyond its sire and dam, it is without pedigree. In fact, the very meaning of the word "pedigree" is "a line of ancestors," and a requirement to prove lineage back of the immediate progenitors only to the grandparents was a limit of proof, rather than an extension; for otherwise, in order to prove pedigree, one would be compelled to go back farther than this, as the statute does not limit the line of the genealogical tree. If the contention of the importer be correct, then there is no animal coming from certain breeds which is not entitled to free entry, for proof of sire and dam may be easily furnished, and pedigree would not be essential. This case differs materially from the case of Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267, cited by importer's counsel in his brief. In that case the court held that, as the statute then under consideration provided for the free entry of all animals for breeding purposes, the Secretary of the Treasury had no authority to require that such animal should be of superior stock. This was in the nature of adding something to the statute, to wit, a condition limiting the provision to such animals as the secretary would allow free entry, whereas Congress did not so prescribe. In the case before us, however, the statute seems to have been drawn to meet this adjudication, and the secretary's regulation, made in conformity with its direction, simply calls for certain definite proof showing compliance with its provisions. The effect of the regulation under the present statute is to facilitate the entry of such animals, as it limits the proof of pedigree to the grandparents, and does not require what, under natural conditions, should be more complete and satisfactory evidence of descent. In the case of Merritt v. Welsh, 104 U. S. 694, 26 L. Ed. 896, also cited by the importer's counsel, the statute called for a rating of sugar according to the Dutch standard, and the treasury regulation complained of attempted to fix a standard in opposition to that named in the statute; and the court held such regulation invalid, because in contravention of the statute. In the case before us the regulation does not contravene the statute, but, on the contrary, is a regulation issued in accordance with the direction contained in the statute itself; that is, the statute required proof of pedigree. The regulation specifies how far the proof need go. "When a mode of proof is prescribed by the terms of the law or by its fair interpretation, no other than the statutory evidence can be admitted." U. S. v. Dominici, 78 Fed. 334, 24 C. C. A. 116. The importer in this case not having complied with the regulation—which we hold is not contrary to the statute—he is not entitled to the free entry of his merchandise. The protests are overruled, and the decision of the collector affirmed. See Beck v. U. S. (C. C.) 84 Fed. 150; also, In re Railroad Company, G. A. 4,403.

Benjamin Barker, Jr., for importer.
Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The decision of the Board of General Appraisers is affirmed. The statute has intrusted to the Secretary of the Treasury the power to make regulations, and there is nothing to show that this power has been arbitrarily or unreasonably exercised.